UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, et al.,<br>    Plaintiffs,<br><br>              v.<br><br>WILLIAMS MOUNTAIN COAL<br>COMPANY, et al.,<br><br>    Defendants. | Civil Action No. 96-1405 (CKK/JMF) |

**REPORT AND RECOMMENDATION**

This case was referred to me for report and recommendation regarding the reasonableness of defendants' attorneys fees and costs. For the reasons stated herein, I recommend that the fee petition be paid in full.

**I.   BACKGROUND**

On March 13, 2001, I issued a Report and Recommendation regarding <u>Defendant Williams Mountain Coal Company's Motion for Award of Attorney's Fees</u> [#102] and <u>Defendant Augusta Processing's Motion to Tax Costs and for Attorneys' Fees</u> [#103], in which I recommended that both be granted. On May 24, 2004, Judge Kollar-Kotelly adopted my Report and Recommendation in full, granting both motions, and providing a briefing scheduling regarding the reasonableness of the costs and fees requested by Williams Mountain Coal Company ("Williams") and Augusta Processing, Inc. ("Augusta").

Before the briefing on reasonableness was completed, plaintiffs filed a notice of their appeal of Judge Kollar-Kotelly's May 24, 2004 order. The court of appeals dismissed plaintiffs' appeal on the ground that the order granting attorneys' fees and costs was not a final appealable

order. Holland v. Williams Mountain Coal Co., No. 04-7092 (D.C. Cir. Nov. 23, 2004). The parties' briefing regarding the reasonableness issue has since been completed and is now ready for consideration.

## II.     DISCUSSION

### A.     Attorneys' Fees

Counsel for Augusta filed a traditional fee petition, based on the affidavits of West Virginia counsel Charles L. Woody, and District of Columbia counsel, Mary Lou Smith, that indicates the work done by Augusta's attorneys and the number of hours or parts of hours it took to complete that work. The latter are multiplied by counsels' ordinary and then prevailing hourly rates to arrive at the fees sought. This multiplication results in fees sought by West Virginia Counsel, Spilman, Thomas and Battle, in the amount of $85, 982.87. In addition, West Virginia counsel seeks $8,065.06 in expenses. District of Columbia counsel, Howe, Anderson and Steyer, seeks $36, 819.14, representing both fees and expenses.

Plaintiffs object to the award of the fees sought by Augusta on four grounds: (1) Augusta seeks fees for work done on appeal and this Court has already indicated that such fees cannot be recovered in this Court, but rather, must be presented to the court of appeals pursuant to Federal Rule of Appellate Procedure 38;[1] (2) privileged or otherwise confidential information has been redacted from the detailed entries in the fee petition; (3) counsel for Augusta had the advantage of previously litigating a case that raised similar issues; (4) the billing records reflect several instances of attorney "overstaffing."

---

[1] Holland v. Williams Mountain Coal Co., Civil Action No. 96-1405(CKK)(D.D.C. May 24, 2004), slip op. at 12.

The first two objections have disappeared. Augusta's counsel has filed an amended fee petition with no redactions and has segregated out the time its attorneys spent pressing the appeal. Fees sought for time spent on appeal will be disallowed. This leaves only the objections based on the alleged advantage of having litigated a similar case and attorney "overstaffing."

As to the first, plaintiffs only assert that there are similarities between the two cases and that "[d]efendants' expenditure of time therefore appears unreasonable, given that they already fully briefed and litigated similar issues [in the other case]." <u>Plaintiffs' Memorandum in Response to Defendants' Request for Attorneys Fees and Costs</u> ("Pl.'s Mem.") at 5. However, plaintiffs fail to point to any entries whatsoever that reflect the allegedly unnecessary work, let alone provide an analysis of the entries that should be disallowed or discounted. Without knowing which entries plaintiffs believe reflect unnecessary work, it is impossible for me to even consider their objection. Plaintiffs surely cannot expect me to guess which entries supposedly reflect unnecessary work without any guidance from them.

Plaintiffs' "overstaffing" objection fares no better. According to plaintiffs, Augusta's fee petition reflects that counsel had two or three attorneys at "various hearings and depositions in this case." Pl.'s Mem. at 5. Plaintiffs point to two entries that allegedly reflect this "overstaffing" and state: "Such overstaffing is excessive, and Augusta's fee request should be reduced accordingly." <u>Id.</u> According to what? Ay, there's the rub.[2] Plaintiffs fail to point to any other instances of this alleged "two or three attorneys at various hearings and depositions," <u>id.</u>, and suggest no methodology by which such instances can be ascertained, let alone whether the

---

[2] "'Tis a consummation [d]evoutly to be wish'd. To die- to sleep. To sleep- perchance to dream: ay, there's the rub!" William Shakespeare, <u>Hamlet</u> Act 3, Scene 1.

presence of more than one lawyer at a given event was excessive.

Moreover, the two instances of "overstaffing" to which plaintiffs point are two of dozens of entries and together represent total only a tiny percentage of the fees sought. Two bruised apples do not justify rejection of the entire crop when it arrives at a market and these two entries, even if they did indicate "overstaffing," do not justify any reduction in the fees sought, particularly because plaintiffs do not even deign to specify which entries, besides these two, they claim to constitute "overstaffing."

I fear that plaintiffs' objections to Augusta's fee petition were advanced merely to have something to say. But, the Supreme Court has directed that: "A request for attorney fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of fee." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Plaintiffs' counsel should have listened to that wise advice, stipulated to the reasonableness of the fees sought, and reserved their right to take an appeal from the Order awarding fees. That they did not is unjustifiable, given the lack of particularity, specificity, and merit in the objections that they do make.

**B.  Bill of Costs**

*1.  Augusta's Costs*

In her opinion at page 13, Judge Kollar-Kotelly held that: "[T]he Court finds that Plaintiffs have waived their opportunity to dispute the reasonableness of Augusta's costs." Holland v. Williams Mountain Coal Co., Civil Action No. 96-1405 (D.D.C. May 24, 2004), slip op. at 13. She then ordered that this matter be referred to me "for a reasonableness determination as to Augusta's fees and Williams' costs." Id.

Despite that order, plaintiffs ask me to assess the reasonableness of Augusta's costs on

the grounds that certain expenses "are not permitted under this Court's rules and controlling precedent." Pl.'s Mem. at 8. Thus, plaintiffs ask me to consider the very objections that Judge Kollar-Kotelly indicated they may not make. Needless to say, I will not do so.

Since the submission of the Bill of Costs on March 8, 2000, Augusta's counsel has billed its client for additional expenses for which it seeks reimbursement. Plaintiffs list five such expenses (three lunches, a taxi cab ride, and a bank fee) and state that those five instances indicate that the total expense reimbursement sought in the amount of $7,580.28 shows that the expense claim "includes numerous charges that are not remotely related to the litigation of this case." Id. at 7. They, therefore, seek disallowance of the entire amount.

Once again, the five items to which plaintiffs point are a tiny percentage of the expenses claimed and their existence, in itself, cannot possibly be a basis to disallow the entire amount because, as plaintiffs have to know, the entire amount consist of many expense items that are perfectly legitimate. I cannot possibly be expected to go through Augusta's expenses and guess whether or not plaintiffs have objections to any given individual expense.[3] Had plaintiffs pointed to all of the expenses to which they object and supported their objections with authority establishing their illegitimacy, I would have considered them. Because they have not, I must reject their invitation to join them in the fallacy that, because they can find five instances of allegedly improper expenses, all expenses sought must be improper.

---

[3] Note that the one case to which plaintiffs cite, Zdunkek v. WMATA, 100 F.R.D. 689, 692 (D.D.C. 1983), written in 1983, dealt with costs in a negligence case and has nothing to do with the statute at issue here, which authorizes the court to award "all or a portion of the *costs and expenses* incurred in connection with such action, including reasonable attorney's fees, to the prevailing party." 29 U.S.C. § 1451 (emphasis added) (all references to the United States Code are to the electronic version that appears in Westlaw and Lexis).

*2.     Williams' Costs*

What should be the clerical task of taxing Williams' costs has become complicated. In my Report and Recommendation, filed on March 13, 2001, I indicated that Williams had represented to me that it would file its Bill of Costs "within the appropriate time frame" and that Augusta had specified its costs, but had asked for leave to file a supplemental submission of its fees. Report and Recommendation at 18.

As to Williams, I should have realized that it had already submitted its Bill of Costs on March 8, 2000, seeking $1,860 in costs. In affirming my Report and Recommendation, Judge Kollar-Kotelly noted that there was confusion as to whether Williams had filed its Bill of Costs. It now appears that the confusion arose from my failure to realize that Williams had in fact filed its Bill of Costs on March 8, 2000. Judge Kollar-Kotelly noted that an accounting of $10,565.48 in costs was attached to a document jointly filed by Augusta and Williams, in response to plaintiffs' objections to my Report and Recommendation. She then concluded that plaintiffs had waived any objection as to the reasonableness of Augusta's costs, but ordered the "Defendants to file a complete bill of costs." Holland v. Williams Mountain Coal Co., Civil Action No. 96-1405 (D.D.C. May 24, 2004), slip op. at 12.

On June 22, 2004, Williams filed Williams Mountain Coal Company, Inc.'s Notice of Refiling of Bill of Costs, in which Wiliams explained that it had indeed filed and served its Bill of Costs on March 8, 2000. It attached the Bill of Costs as filed, a certificate of service upon plaintiffs' counsel as of March 9, 2000, and a docket entry indicating that the Bill of Costs was filed as docket number 105 on March 13, 2000.

This document, filed on June 22, 2004, establishes that I was obviously mistaken in

thinking that Williams had not filed its Bill of Costs when I issued my Report and Recommendation on March 13, 2001; Williams had done so a year earlier.

As an apparent product of the confusion that I had created, plaintiffs had filed on the same day <u>Plaintiffs' Memorandum in Response to Defendants' Request for Attorneys Fees and Costs</u>, in which they indicated that it sought leave to file objections to "any bill of costs that Williams may file in the future." <u>Id.</u> at 8. Thus, plaintiffs awaited the filing of a document that they had had for four years.

It also now appears that the Court and counsel have all operated upon the assumption that the Court award costs as it awards attorneys' fees. That assumption is incorrect. Under our Local Rule and Federal Rule of Civil Procedure 54(d)(1), the Clerk taxes costs. Thus, one year after I issued the Report and Recommendation, I had occasion to explain:

> I must recommend in accordance with LCvR 54.1 that defendant's *Bill of Costs* be stricken without prejudice to defendant's re-filing it if the final judgment is affirmed.
>
> LCvR 54.1(c) provides:
>
> The Clerk shall tax costs after the judgment has become final or at such earlier time as the parties may agree or the court may order. A judgment is final when the time for appeal has expired and no appeal has been taken, or when the court of appeals issues its mandate. The local rule follows those courts that have exercised their discretion to await the resolution on appeal before taking any action on costs. One court has noted that if it were to rule on costs before the appeal is decided, there is at least a risk that the prevailing party will lose the right to seek costs if that party lost in the district court but prevailed on appeal. *Interactive Pictures Corp. v. Infinite Pictures, Inc.,* 2002 U.S. Dist. LEXIS 828 (E.D.Tenn., Jan. 3, 2002); *Brown v. American Enka Corp.,* 452 F.Supp. 154 (E.D.Tenn.1976); *American Infra-Red Radiant Co. Inc. v. Lambert Industries, Inc.,* 41 F.R.D. 161, 163 (D.Minn.1966).

Kiska Construction Corp. v. Washington Metropolitan Area Transit Authority, 2002 WL 393082 at *1 (D.D.C. March 11, 2002).

In accordance with that decision, it appears that the Bills of Costs should be stricken to await the resolution of any appeal or the deadline for taking an appeal, whichever occurs lasts. There is a problem, however, with doing that.  In dismissing the appeal that plaintiffs had taken from Judge Kollar-Kotelly's determination that plaintiffs were entitled to attorney fees, the court of appeals indicated its belief that and order awarding fees or costs is non-final and interlocutory until the district court establishes "the amount of Williams's cost award or Augusta's attorney's fee award." Order Dismissing Appeal, Holland v. Williams Mount Coal Co., No. 04-7092 (D.C. Cir. Nov. 28, 2004).  Thus, the court of appeals seems to be of the view that the Court must award costs to render the judgment awarding fees and costs final, while the Local Rule contemplates the conclusion of the appeal before costs may be taxed and awarded.  There is, therefore, a significant risk that the court of appeals will await the district court's action while the district court will await the court of appeals.  There must be an alternative to what seems like a scene from "Waiting for Godot."

I see one.  I recommend that the Court direct the Clerk to tax the costs submitted by Williams and not await the resolution of the appeal, if any.  Once the Clerk has done that, I recommend that the Court enter a final judgment awarding fees and costs to eliminate any risk that the court of appeals will once again dismiss any appeal as interlocutory.  I appreciate that doing this is inconsistent with the Local Rule, but I see no other way to escape from the Godot like scenario that occurs if the Court were to strike Williams' Bills of Costs.

**III.    RECOMMENDATIONS**

In accordance with this opinion, I make the following recommendations:

1. That the Court award attorneys' fees and expenses as follows:

   Spilman, Thomas and Battle:      $83, 341.37[4]

   Howe, Anderson and Steyer:      $26, 839.25[5]

2. That the Court direct the Clerk of the Court to tax forthwith Williams' Bill of Costs.

3. That upon the receipt of the Clerk's taxation and the resolution of any motion to re-tax costs,[6] that the Court enter final judgment in favor of defendants in the amount consisting of the amounts recommended in paragraph 1 and the costs to be allowed Williams.

Failure to file timely objections to the findings and recommendations set forth in this report may waive your right to appeal from an order of the district court adopting such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985).

_____
JOHN M. FACCIOLA
Dated:                                           UNITED STATES MAGISTRATE JUDGE

---

[4] *I.e.*, total fees and expenses of $85, 982.87 less $2,551.50, representing fees based on appeal.

[5] *I.e.,* total fees and expenses of $36,819.40 less $9,980.15, representing fees based on appeal.

[6] See L. Cv. R. 54.1(e).